## PRAY v. RAILER.

1. WILLS—CONSTRUCTION—INCOME OF PROPERTY DEVISED.

   A will gave certain cash bequests to certain of testator's children, to be paid when his youngest child should reach the age of 21, and gave the residuary estate to his other children, to be divided among them at the same time. A subsequent item provided that, if testator should die before his youngest child had reached 21, the residuary legatees should be allowed to occupy the real estate of which he died seised. One of the residuary legatees was requested to continue to reside upon the land and care for the others until they should arrive at majority. The will further stated that, if the son should refuse or neglect to do as requested, the executor should see to it that the rents and profits of the property should be used for the support of the residuary legatees until they were 21. The income from the property would have been insufficient to support all of them. *Held,* that it was not testator's intention that this income should be divided equally among all the residuary legatees, but that it should be used as necessary, and as testator might have used it if he had been living.

2. SAME—BILL FOR CONSTRUCTION—ISSUES.

   On a bill for the construction of a will, it is improper to interject, by cross-bill or otherwise, a claim of the guardian of one of testator's infant children for reimbursement for sums which she claims to have advanced for the support of the infant.

Appeal from Eaton; Smith, J. Submitted February 1, 1906. (Docket No. 84.) Decided May 24, 1906.

Bill by Esek Pray, executor of the last will and testament of Jonathan Railer, deceased, against Richard Railer, Charity Cooper, individually and as guardian of Nellie M. James, a minor, and others, for a construction of said will. Defendant Cooper filed an answer in the nature of a cross-bill praying for an accounting as said guardian. From a decree for cross-complainant, defendants appeal. Modified and affirmed.

*Lewis J. Dann,* for complainant.

*H. W. Cavanagh,* for defendant Cooper.

*R. S. Woodliff,* for appellants.

OSTRANDER, J. The matters in dispute in this cause arise upon the will of Jonathan Railer, the disposing portion of which is as follows:

" *Item First.* I hereby give, devise, and bequeath unto my children hereafter named, the sum of two hundred dollars ($200) each, viz., Richard Railer, Mabel Railer, Edna Railer and Charity Cooper, to be paid to them by my executor at the time when my youngest child which shall then be living after my decease, shall arrive at the age of twenty-one years, and in case I shall live until after my youngest child shall have arrived at the age of twenty-one years, then within one year after my death.

" *Item Second.* I hereby give, devise and bequeath unto my daughter, Lillian Huett, the sum of one hundred dollars ($100), to be paid to her by my executor at the time my youngest child which shall then be living after my decease shall arrive at the age of twenty-one years, and in case I shall live until after my youngest child shall have arrived at the age of twenty-one years, then within one year after my death.

" *Item Third.* I hereby give, devise and bequeath all the rest, residue and remainder of all my real and personal estate wheresoever situate, to my children, Clarence Railer, Charles Railer, Nellie Railer and Carrie Railer, to be divided equally among them, share and share alike, at the time when my youngest child then living after my decease, shall arrive at the age of twenty-one years, and in case I shall live until after my youngest child shall have arrived at the age of twenty-one years, then said property to be divided among the legatees in this item named within one year after my decease.

" *Item Fourth.* In case I shall die before my youngest child then living shall have arrived at the age of twenty-one years, I direct that the four children named in the third item of this will shall be allowed to use and occupy all the real estate of which I may die seised, and have the use of all the personal property of which I may die seised, after the payment of my just debts, funeral ex-

penses and costs of administration, until such time as the youngest one of my said children then living shall have arrived at the age of twenty-one years, and I request that my son, Clarence Railer, continue to reside upon the real estate now owned by me, and provide a home and support for his younger brother and sisters until such time as they shall have arrived at the age of twenty-one years, and in case my son, Clarence Railer, shall refuse or neglect to furnish such home and to continue to reside upon such real estate for that purpose, that then my executor shall see to it that the use, rents and profits of said real and personal property of which I may die seised be used for the support of my said children, mentioned in item three of this will, until such time as they shall become of the age of twenty-one years.

"I hereby appoint Esek Pray, of Windsor township, county of Eaton and State of Michigan, executor of this my will."

The executor prays for a construction of the will and a determination of the rights of the several parties in and to the use, rents, and profits of the estate and for directions concerning the disposition of the estate and the use, rents, and profits thereof under the will. The defendant Charity Cooper, in her answer in her own behalf and as guardian, admits the necessity for an interpretation of the meaning of the will, sets out that she was duly appointed guardian of Carrie M., Charles B., and Nellie M. Railer, all of whom, except Nellie M., are now of age, and that as such guardian she expended for the minor children divers sums of money, for which she has not been reimbursed by the executor, and that for Nellie M. Railer-James she expended large sums of money for her care and maintenance, an account for which was duly allowed by the judge of probate of the county of Eaton, of which $270 or thereabouts remains unpaid, and she claims should be paid out of the rents and profits of said estate, together with a reasonable sum for her compensation. She further sets out that the rents and profits of the estate accumulated and on hand amount to about $200. Nellie M. Railer-James, by her guardian ad litem, denies that

the said Charity Cooper paid out any such sum or any considerable sum for her support, and alleges that for the most part she has supported herself, and she admits that the rents and profits of the estate are not now needed for the support and maintenance of herself. She also joins in an answer with Charles and Carrie, setting out in substance the same matters of defense.

The learned circuit judge was of opinion that the legacies mentioned in the will vested immediately upon the death of the testator, and, consequently, that the legal heirs of Clarence Railer, one of the said devisees, deceased, are entitled to his share when the estate is distributed; that no further payments were needed for the care and support of the minor children mentioned in the will. But he was of the opinion also that defendant Cooper is entitled to the amount of her account as allowed by the probate court to the extent of any fund in the hands of the executor growing out of the use, rents, and profits of the real and personal property of the testator; that this account, having been allowed by the probate court, was presumptively a valid account; that the payment of her account was not left to the discretion of the executor, and that the executor is bound to the extent of the amount in his hands and any further sums to be derived from said estate before the defendant James arrives at the age of 21 years; that the will, properly construed, means that the executor, at the time when Nellie M. James arrives at full age, should pay the balance of the account of said guardian Cooper as allowed by the probate court, if he has money sufficient therefor arising from the use, rents, and profits of the estate, and if he has not, that he should apply what he has to the partial payment of such account; that he should pay the legacies given by the items 1 and 2 to the persons named therein, and the remainder of the estate, from whatever source derived, should be distributed among the persons named in item 3 of said will, the heirs of Clarence Railer being entitled to his share.

It will be seen that the principal, indeed only, dispute

arises over the claims of the defendant Cooper and is between herself and the other defendants. For these defendants (appellants) it is contended that the will is unambiguous; that it expresses clearly an intention on the part of the testator to divide the use, rents, and profits of the estate equally between the four residuary legatees until the youngest child should arrive at the age of 21 years; that the provision in the fourth item of the will, reading, "that then my executors shall see to it that the use, rents and profits   *   *   *   be used for the support of my said children mentioned in item three of this will," means a use not according to necessities, but a division, share and share alike. It is insisted, further, that, under the pleadings, the decree cannot stand; that, although the answer of Charity Cooper contains the words "and she here avers in the nature of a cross-bill the facts in regard to said guardianship," the answer was not served upon the other defendants, and no answer was ever filed to her answer; that in form the answer does not entitle her to any affirmative relief; and that the only thing the bill was filed for was for a construction of the will. It is further contended that the allowance of the guardian's annual account by the probate court has no binding effect upon any other of the defendants so far as disbursements after they had attained their majority are involved.

It will be noticed that the third item of the will is the residuary clause thereof, and that the fourth item contains directions which may be said to be addressed to the executor to control the disposition of the rents and profits of the estate until such time as, according to the terms of the will, it is to be divided. The specific legacies amount to $900, none of them payable to any of the children mentioned in the third item of the will until the youngest child shall have arrived at the age of 21 years, and that time has not yet arrived. Testator having died before his youngest child arrived at the age of 21 years, the directions in item fourth of the will indicate plainly the intention of the testator that all of his real and personal estate,

after payment of his debts and funeral expenses and costs of administration, should be, until such time as the youngest child arrived at the age of 21 years, used for the joint support and maintenance of the four children named in the third item of the will "until such time as they (severally) shall become of age of twenty-one years." It is clear that the entire income of the estate is devoted, pending the time fixed for the distribution thereof, to the support of four children, who are permitted to use and occupy all the real estate and use all the personal property jointly until such time as the youngest one arrives at the age of 21 years, and, in case the son Clarence Railer, because of his death, is unable to provide a home and support for his younger brother and sister until that time, the executor is charged with the duty of seeing that the use, rents, and profits aforesaid are used for the support of the remaining children. It appears that, Clarence Railer having deceased, a guardian was appointed, and that she undertook the care and support of the minor children, and that she expended money in that behalf. I do not believe that it was intended by the testator that each of said four children mentioned in the third item of the will should have just an equal proportion of the income of said estate devoted to his or her particular support. The intention was that, so far as it was sufficient, the income of the estate which the testator left behind him should be used to do for his children what he himself, if living, would have done, which might involve, of necessity, the expenditure of very much more on account of one child than on account of another. The duty of this disposition of property is devolved, by request, upon the son Clarence Railer, failing which, the executor is charged with the same responsibility, not as a matter of personal superintendence of the children, nor as one entitled to seize, hold, or use any part of the estate, but as one entitled by virtue of his office to prevent waste or the gain of undue advantage of one of the tenants in common for years of the estate over another or the others. The amount of the

estate, according to the inventory, was only $1,882.47, over and above claims allowed, and the income is necessarily a small one, not enough to support four children in idleness, but sufficient to aid in time of distress or sickness. It is probable that, barring sickness or accidents, the youngest child will receive the largest share of the income of the estate.

It was not proper, however, to interject into this proceeding, by cross-bill or otherwise, the account of the guardian. This estate should be settled in the probate court. Upon the order of that court, the executor, if he thinks the order made a proper one, may pay over to the guardian such sum as he is directed to pay. All interested parties should have the right to appeal from the order directing payment. It does not follow, as a matter of course, because the guardian has expended money for one of the children, that she shall be repaid by the executor. The amount of the fund, the necessity for the expenditures, the purpose of the testator, are all to be considered. If there shall be accumulations from rents and profits, they will be reported and become a portion of the estate for final distribution.

The decree will be modified, the fifth and sixth provisions thereof in accordance with the views here expressed, and, as modified, affirmed. No costs will be awarded either appellant. The complainant will be paid his costs of the appeal, to be taxed out of the fund in his hands.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.